**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0332n.06

No. 15-5631

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 17, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | **ON APPEAL** FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| JAMES FOREST MANNING, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| **Defendant-Appellant.** | ) | **MEMORANDUM OPINION** |
| | ) | |

**BEFORE: NORRIS, McKEAGUE, and WHITE, Circuit Judges.**

**PER CURIAM.** Officers arrived at defendant's residence in response to a noise complaint. In the parking area, they talked to an individual who admitted he was there to purchase drugs and had done so before. The officers knocked on the front door and heard activity inside, but nobody answered. They also smelled an odor consistent with the manufacture of methamphetamine coming from the home and noticed multiple surveillance cameras on the property. They walked around the residence to try to make contact through a back door, or to see if anyone was trying to leave.

As they walked around the residence, they discovered a burn pile consistent with methamphetamine manufacture. The officers testified that the odor became stronger as they neared the back corner of the residence where they observed a window with an exhaust fan.

Both officers testified that at that point they believed they had enough evidence to obtain a search warrant. To secure the scene while awaiting a search warrant, the officers disabled the surveillance cameras by pointing them towards the ground. Based on the circumstances, the

officers feared that anyone inside the residence could have guns and use information from the cameras to gain an advantage over the officers.

As one of the officers was dictating information for a search warrant, a female came out of the residence visibly agitated and seeking aid for someone in the house who she feared had overdosed on drugs. Officers entered the residence and found defendant lying on the floor, slumped over and unresponsive. There was a handgun within a few feet of defendant, and when the officers attempted to move him some pills fell to the floor. To ensure their safety, the officers opened two doors near where they were helping defendant. One door led to a bedroom where an officer observed paraphernalia consistent with the manufacture of methamphetamine, including bottles and tubing. The officers closed the doors, removed defendant from the residence and sent him to the hospital in an emergency vehicle. The officers then waited outside until they could secure a search warrant.

In the warrant request, the officers included all of the evidence discovered in front of the residence, and the evidence discovered in plain view when they walked around the residence and also when they went inside to render aid to defendant. The officers then searched the residence pursuant to the warrant and recovered several firearms, video equipment, a pill believed to be oxycodone, three active "one-step" methamphetamine labs, three notebooks with apparent drug trafficking entries, and a small amount of cash.

Defendant was arrested when he was discharged from the hospital and charged with (1) conspiring to manufacture methamphetamine, (2) manufacturing methamphetamine, (3) possessing firearms after being convicted of a felony, and (4) using or carrying a firearm during or in relation to a drug trafficking offense.

Defendant filed a motion to suppress the evidence recovered from his residence, which the district court denied. Defendant then pleaded guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 & 841(b) but reserved the right to file this appeal challenging the denial of his motion to suppress.

"'When reviewing the denial of a motion to suppress, we review the district court's findings of fact for clear error and its conclusions of law de novo, considering the evidence in the light most favorable to the government.'" *United States v. Noble*, 762 F.3d 509, 519 (6th Cir. 2014) (quoting *United States v. Richards*, 659 F.3d 527, 536 (6th Cir. 2011)).

This appeal is grounded in the Fourth Amendment, which provides that "[t]he right of the people to be secure in their persons, houses, papers, an effects against unreasonable searches and seizures shall not be violated and no Warrants shall issue but upon probable cause, supported by Oath or affirmation, and particularity describing the place to be searched and persons or things to be seized." U.S. Const. amend. IV.

Defendant argues that several aspects of police conduct surrounding the search of his residence violated the Fourth Amendment, including that (1) officers unlawfully manipulated the surveillance cameras at the residence, (2) officers discovered evidence in an unlawful search of the curtilage of defendant's residence, (3) officers were not justified in entering his residence without a warrant to administer medical aid to him, (4) officers were not justified in conducting a protective sweep of the area around defendant as part of administering aid, and (5) the warrant and its supporting affidavit contained evidence gathered as a result of the illegal searches, and contained errors and omissions in violation of Kentucky law.

We have independently reviewed the record in detail, and we have carefully considered the briefs submitted by the parties. Because the district court's detailed analysis addresses each

3

of defendant's arguments and we detect no error, a reasoned opinion by this court would serve no useful purpose. We therefore affirm based upon the district court's opinion. *See United States v. Manning*, No. 13-20-GFVT, 2015 U.S. Dist. LEXIS 22202 (E.D. Ky. Feb. 23, 2015).

The judgment is **affirmed**.